AO 72A
(Rev. 8/82)

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 NOV -1 PM 4 3:
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CHARLES HARRIS,

    Plaintiff,

v.                              CIVIL ACTION NO.: CV510-074

CARL HUMPHREY; DOUG UNDERWOOD;
DANNY PILAND; NATHAN HANDBERRY;
CHERYL CHAPMAN; VANESSA BUTTS-
HAWKINS; Mr. EDWARDS; Mr.
BROOKINS; Mr. TAYLOR; Mr. DUNKIN;
C. COOPER; R. BONE; T. POORE;
C. W. REESE; Ms. SMITH; Mr. ROULAIN;
JOHN DOE; APRIL FULLINGTON;
Ms. WOODS; SHARON HOGAN;
C. CURRY; Mr. GRIFFIS; K. KELLY;
Ms. LANDE; STEPHANIE YAUGHN;
T. REAVES; LARRY JORDAN;
CHARLES JORDAN; Mr. KING;
Ms. WALKER; ALEXIS E. L. CHASE;
JOHN DOE; JANE DOE; BETTY
LEE McGREW; JOHN COOK;
Mr. REESE; WILLIAM DANFORTH;
TERRY ANGOVE; CALVIN ORR;
Mr. TIPPENS; JOHN DOE; "BALD
HEAD SHORT"; T. BROWN; DENNIS
BROWN; BETTY BAILEY-DEAN;
ADAM LEE; RYAN MATTHEWS;
G. ROWLLS; Mr. TINCHER; ALISA
HAMMOCK; JOY McKEE; ERIC HORTON;
FRED CARTER; Mr. CLARK;
Mr. AVERETT; Mr. JOHNSON;
J. STARKEY; Mr. STEWART;
Mr. ADAMSON; Mr. TETHEROE;
JOHN DOE; Mr. SHROPSHIRE;
PATRICIA ANN ROBINSON;
JOYCE PLEDGER; CEDERIC TAYLOR;
Mr. SPRAYBERRY; Ms. BROCK;
Mr. DAVIS; Mr. WELLS; JOHN DOE, Lt.;
JOHN DOE, 3RD Shift Officer;
Mr. ELEAM; BRIAN OWENS; DERRICK

SCHOFIELD; HARRIS HODGES;
MICHAEL NAIL; TIMOTHY WARD;
RANDY TILLMAN; JOHNNY SIKES;
SONNY PERDUE; J. DARRELL HART;
SHIRLYN THOMAS; MARK CROSBY;
WALLACE D. MINCEY; FRANKLIN
MINCEY; RANDALL HOLDEN; DAVID
PELKA; PAM SMITH; PATRICIA HAYES;
TIMOTHY HAYES; MIKE GRIFFIN;
KEVIN GRIFFIN; Mr. THRIFT; NATHAN
BROOKS; JOHN DOE, Lt.; Mr. COX;
Lt. Mr. COX; C. THORTON; Mr. GODWIN;
JONATHAN WATERS; DAVID
ALDERMAN; MARY KING; JOHN
ROBERTS; TERRY KOKOSENSKI;
KEITH MORRIS; Mr. PERRY; Mr. ALTMAN;
Mr. TAFT; LAWRENCE TINDALL;
M. BARNES; S. CREWS; BETH
HOLLAND; JOHN ANDERSON; RICKY
CROSBY; Mr. HUTTO; CONTRECIA
DAWSON; EDWINA JOHNSON;
Mr. PETRIE; Ms. FORCE; Ms. KIRKLAND;
GAIL FERRAR; Mr. BUSSEY; African
American JANE DOE; Ms. SAPP;
MATTHEW MOORE; Mailroom
JANE DOE; PATRICIA DEMARCO;
TERRY JOHNS; Mr. TURNER;
Mr. GAINEY; KIMBERLY HARMON;
Mr. YOUGHMAN; CODY TANNER;
BENJAMIN TANNER; J. PETERSON;
GERALD B. PROULY; Mr. KIRKLAND;
Mr. FULLARD; Lt. JOHN DOE; Lt JOHN
DOE 2; Officer JOHN DOE; and
Sgt. JOHN DOE,

     Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Macon State Prison in Oglethorpe, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the

mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff filed his original complaint on July 29, 2010, asserting that at Baldwin State Prison he was "stalked, kidnapped then illegally transferred to Hays State Prison,"

and then transferred from Hays State Prison to Ware State Prison. (Doc no. 1, p. 2). Plaintiff stated he was in an unsafe prison environment and was almost killed at Hays State Prison. Plaintiff stated the mailroom staff at Ware State prison stalked Plaintiff and his mail account. Plaintiff claimed the staff at Ware State prison stalked and kidnapped Plaintiff and took him to a psychiatric facility. Plaintiff asserted fake disciplinary reports were issued against him at Ware State Prison. Plaintiff stated the staff at Ware State Prison retaliated against him for filing lawsuits and grievances. Plaintiff claimed he was placed in two dorms where he could have been killed. Plaintiff also alleged sexual assault by Defendant Demarco.

On October 4, 2010, the undersigned directed Plaintiff to chose which claims he wished to pursue, as he had attempted to improperly join unrelated claims and defendants. In response, Plaintiff filed a Response to the Court's Order, an Amended Complaint, and a Motion for a Temporary Restraining Order. (Doc. Nos. 9, 10, 11). Instead of narrowing his claims down, as ordered, Plaintiff added claims that certain defendants attempted to murder him, and that Georgia Department of Corrections staff stalked his mail. Plaintiff's response states that all of his claims are related because all Defendants were aiding and abetting each other in "ganging up" on Plaintiff. (Doc. No. 9-1, p. 1). Plaintiff has disregarded the order of the court. Plaintiff fails to allege any facts showing that his claims are related in any way. His bald statement that defendants were acting in concert is insufficient to require joinder of his multiple claims and defendants.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be dismissed without prejudice. It is also my **RECOMMENDATION** that Plaintiff's Motion for a Temporary Restraining Order be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE